IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR J. LARSEN,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-176 CW BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(b) for a Report and Recommendation on all dispositive matters.[1]  The case is before the court on Plaintiff Blair Larsen's appeal from the partially favorable decision of the Commissioner of Social Security finding him disabled beginning on September 4, 2011 (Plaintiff's 55th birthday), but denying disability benefits before that date.[2]  The ALJ's decision was made final by the Appeals Council's decision denying Plaintiff's request for further review.[3]  After careful consideration of the record, relevant law, and the parties' memoranda, the court has determined that oral argument is unnecessary and decides this case based upon the record before it.[4]  For the reasons set forth below, the undersigned recommends the decision of the Commissioner be AFFIRMED.

---

[1] Docket no. 17.
[2] Tr. 11.  Tr. refers to the transcript of the administrative record in this matter.
[3] Tr. 1  Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.  See Doyal v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003).
[4] See DUCivR 7-1(f).

## BACKGROUND[5]

On June 14, 2010, Plaintiff applied for disability benefits under Title II of the
Social Security Act alleging disability beginning June 8, 2009.[6]  Plaintiff's application was
initially denied on November 1, 2010, and upon reconsideration on December 3, 2010.[7]
Thereafter, Plaintiff requested and received an administrative hearing before an administrative
law judge (ALJ) on October 25, 2011.[8]

On November 25, 2011, the ALJ issued a partially favorable decision finding Plaintiff
disabled beginning on September 4, 2011 (Plaintiff's 55th birthday).  The ALJ, however, denied
disability benefits before that date.[9]  The ALJ's decision was affirmed on appeal and become the
Commissioner's final decision for purposes of judicial review.[10]  The relevant question on appeal
before the undersigned is whether Plaintiff met the requirements of the Social Security Act for a
period of disability between his alleged onset date of June 8, 2009 and September 3, 2011.  Thus
Plaintiff essentially seeks a period of approximately two more years of disability.

## RELEVANT LAW

The Act states that an individual is disabled "only if his physical or mental impairment or
impairments are of such severity that he is not only unable to do his previous work but cannot,
considering his age, education, and work experience, engage in any other kind of substantial
gainful work which exists in the national economy . . . ."[11]  The disabling impairment must last,
or be expected to last, for at least twelve consecutive months.[12]

---

[5] The parties fully set forth the medical history in their respective memoranda.  The Court finds it unnecessary to repeat that record in specific detail here.  Rather, the Court notes those items that are pertinent to its decision.
[6] Tr. 110-116.
[7] Tr. 61-64, 67-69.
[8] Tr. 27-53.
[9] Tr. 7-26.
[10] *See* 20 C.F.R. § 404.981.  All C.F.R. citations are to the 2014 edition.
[11] 42 U.S.C. § 423(d)(2)(A).
[12] *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a disability claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy.[13] If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.[14]

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the ALJ's factual findings and whether the correct legal standards were applied.[15] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[16]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[17] In reviewing the ALJ's decision the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[18] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[19] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[20] Further, the Court

---

[13] 20 C.F.R. § 404.1520(a)(4).
[14] *Id.*
[15] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[16] *Id.* (citation omitted).
[17] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[18] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[19] *Lax*, 489 F.3d at 1084 (citation omitted).
[20] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[21]

## ALJ'S DECISION

In following the five-step sequential evaluation process for evaluating disability claims the ALJ found as follows.[22]  First the ALJ determined that Plaintiff performed no substantial gainful activity since the alleged onset date of June 8, 2009.  At step two, the ALJ found Plaintiff had the severe impairments of gout, left rotator cuff tear, left biceps tear and degenerative disk disease of the lumbar spine.[23]  Next, at step four the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment.  Between steps three and four the ALJ determined that Plaintiff retained the residual function capacity (RFC) prior to September 4, 2011 to perform the full range of light, unskilled work subject to certain limitations.[24]

At step four, the ALJ concluded that Plaintiff could not perform past relevant work as a dump truck driver and as a heavy equipment operator.[25]  Finally at step five, the ALJ considered Plaintiff's RFC along with his age, education and work experience, and then relied on the vocational expert's (VE) testimony in concluding that there were jobs that existed in the economy that Plaintiff could perform prior to September 4, 2011.[26]  After this date, however, the ALJ concluded that there were no jobs that Plaintiff could perform.  Thus the ALJ found Plaintiff disabled beginning on September 4, 2011 but denied disability prior to that date.

---

[21] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[22] Tr. 13-22; *see* 20 C.F.R. § 404.1520(a)(4).
[23] Tr. 13.
[24] Tr. 14.
[25] Tr. 20.
[26] Tr. 20.

**DISCUSSION**

Mr. Larson raises four issues on appeal: (1) that the ALJ improperly rejected the opinion of his treating physician, (2) that the ALJ erred by failing to consider cervical disc disease among Plaintiff's severe impairments, (3) that the ALJ improperly found Plaintiff could perform a job that does not exist in the dictionary of occupational titles, and (4) that the ALJ erred in assigning great weight to the opinion of an examining physician that failed to consider Plaintiff's primary disabling impairment, lumbar disk disease.  The court considers each of these arguments in turn and concludes the decision of the ALJ is supported by substantial evidence.  Thus, the undersigned recommends that the district court affirm the commissioner's decision.

Before turning to Plaintiff's arguments the court addresses Plaintiff's assertion in his reply brief that Defendant's arguments are essentially a post-hoc rationalization to explain how the evidence was treated in this case.  The court disagrees with Plaintiffs broad characterization of Defendants arguments.  While the court agrees with the general rule against post hoc justification of administrative action recognized in *SEC v. Chenery Corp*,[27] the court does not find it applicable to Defendants arguments in this matter.

(i)      **The ALJ's analysis of the treating physician opinions.**

Plaintiff argues the ALJ erred by not properly considering Dr. Joseph Richey's assessment from June 24, 2010.  Dr. Richey opined that Plaintiff would be absent from all fulltime work activity approximately 8 days per month, which would preclude fulltime work.[28]  According to Plaintiff, the ALJ "failed to review the June 24, 2010 form, which lays out specific work related limitations."[29]  Such a failure is critical in this case because the VE testified that

---

[27] 318 U.S. 80, 87 (1943).
[28] Tr. 360.
[29] Opening brief p. 5, docket no. 18.

even 3 to 4 absences per month would preclude work activity.[30]  Thus, if this form had been considered then Plaintiff would have been disabled.

An ALJ may decline to afford a treating physician's opinion controlling weight where the ALJ provides specific, legitimate reasons for his decision.[31]  Such a decision is justified, for example, if the ALJ finds that the opinion is "inconsistent with other substantial evidence in the record . . . ."[32]  Here, the ALJ explicitly considered and rejected opinions from Dr. Richey in November 2010 and May 2011.  In the May 2011 opinion Dr. Richey opined that Plaintiff had "failed conservative care . . . has a function capacity disability and will never make it back in to the competitive work force [and was] functionally disabled."[33]  The ALJ found that Dr. Richey's opinions were not supported by the other objective evidence set forth in the record.  This evidence included visits to other medical providers such as Dr. Johnsen[34] and diagnostic tests such as X-rays.  The ALJ then assigned Jordan Mecham, a physician assistant, and Dr. Richey's opinions little weight.[35]

It is clear from the ALJ's decision that the June 24, 2010 form was not explicitly discussed.  Nor does it appear it was specifically considered by the ALJ.  Defendant argues such an oversight is not grounds for a remand because the ALJ need not discuss every piece of evidence.[36]  In addition, any error here is harmless, according to Defendant, because the ALJ addressed other reports that provided a proper basis to discredit Dr. Richey's opined limitations.

The court acknowledges this is a close issue.  But, in this case the court finds it proper to engage in the harmless error analysis because the ALJ explicitly rejected Dr. Richey's opinions

---

[30] Tr. 50-51.
[31] *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009)
[32] *Id.*
[33] Tr. 401.
[34] Tr. 17-18.
[35] Tr. 19.
[36] Op. p. 13, docket no. 26. *See also Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) ("The ALJ is not required to 'discuss every piece of evidence.'") (quoting *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007)).

that were very similar to the June 24, 2010 form.  In addition, the court is also persuaded by the fact that the June 24, 2010 form is quite cursory and does little to explain the reasoning or opinion of Dr. Richey.  Based on established Tenth Circuit precedent an ALJ need not discuss every piece of evidence[37] and the court finds the failure to do so here was harmless.[38]  Thus, the ALJ did not err in affording Dr. Richey and Jordan Mehcam's opinions little weight.

### (ii)    The ALJ's consideration of cervical disk disease

Next, Plaintiff argues the ALJ erred by failing to consider cervical disc disease among Plaintiff's severe impairments.  Plaintiff points to his testimony at the hearing, which allegedly supports such a finding, as well as a 2009 cervical MRI that "revealed severe foraminal stenosis".[39]

To establish a "severe" impairment, a claimant bears the burden of proving that he has an impairment that (1) is medically determinable, (2) significantly limits his physical or mental ability to do basic work activities, and (3) has lasted or is expected to last at least 12 continuous months.[40]  As noted by Plaintiff, at step two a claimant need only make a *de minimis* showing.[41] But, "the claimant must show more than the mere presence of a condition or ailment."[42]

Here, there is neither a diagnosis of cervical disc disease in the record nor any evidence that such a condition lasted more than 12 continuous months.  Rather, there is a reference to an MRI from 2009 that showed mild to moderate canal stenosis and Plaintiff's complaints of neck

---

[37] *Wall v. Astrue*, 561 F.3d 1048, 1067
[38] *See Zettelmier v. Astrue*, 387 Fed.Appx 729, 731-32 (9th Cir. 2010) (finding the ALJ's failure to specifically address a doctor's report harmless).
[39] Opening brief p. 7.
[40] 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003).
[41] *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir 1997).
[42] *Id. see also Bowen v. Yukert*, 482 U.S. 137, 153 (1987) (noting that step two is designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered).

pain.  Such evidence is not enough to reach the *de minimis* standard at step two.  Further, Plaintiff's complaints of his symptoms are insufficient to establish a severe impairment.[43]

Accordingly, the ALJ did not err in failing to consider cervical disc disease among Plaintiff's severe impairments.

**(iii)     Whether jobs exist in significant numbers**

Third, Plaintiff takes issue with the ALJ's finding that Plaintiff could perform the job of laundry aide because it is not listed in the Dictionary of Occupational Titles.  Therefore, according to Plaintiff, it is not clear that jobs actually exist in significant numbers for Plaintiff.

The court disagrees with Plaintiff because the ALJ also found Plaintiff could perform two other positions, routing clerk and office helper that existed in significant numbers even if the position of laundry aide is excluded.[44]  Based on the VE testimony there are 26,250 routing clerk positions and 56,000 office helper positions.[45]  Although the Tenth Circuit has not explicitly defined what constitutes a "significant number" of available jobs, the approximate 82,000 jobs in the national economy without even considering the position of laundry aide is substantial evidence to support a determination of nondisability.

Thus the ALJ did not err at step five and the ALJ's findings at step five are supported by substantial evidence.

**(iv)     The ALJ's assessment and weighting of physician opinions**

Finally, Plaintiff argues that the ALJ erred by assigning great weight to the opinion of an examining physician that did not consider Plaintiff's primary impairment of lumbar disc disease.

---

[43] *See* 20 C.F.R. § 404.1508 ("("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms").
[44] Tr. 21, 49-50.
[45] Tr. 21.

Specifically, Plaintiff takes issue with the weight given to the opinions of Dr. Justin Johnsen a consultative examiner.  The court is not persuaded by Plaintiff's arguments.

The ALJ gave Dr. Johnsen's opinion great weight because "he is a specialist in his respective field"[46] and because his opinion was consistent with the medical evidence in the record.  The ALJ declined to give Dr. Johnson's opinions controlling weight because he is a consultative examiner.  The court cannot find any error with the weight given to Dr. Johnson's opinion.  It is supported by the evidence in the record and is consistent with Plaintiff's surgeon Dr. Richards' January 2010 opinion that Plaintiff "should return to normal activities except really extreme lifting which should wait three more months."[47]  In essence Plaintiff is asking this court to reweigh the evidence.  This court cannot substitute its judgment for that of the ALJ, even if this court would reach a different result based on the remaining evidence.[48]  Therefore, the court declines Plaintiff's invitation to reweigh the evidence and finds no error with the ALJ's weighting of the physician opinions.

## RECOMMENDATION

As set forth above, the Court finds the ALJ's decision is supported by substantial evidence in the record.  Therefore, based upon the foregoing, the undersigned HEREBY RECOMMENDS that the decision of the Commissioner be AFFIRMED.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,

---

[46] Tr. 19.
[47] Tr. 302.
[48] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

and request for oral argument before the district judge, if any is sought, within fourteen (14) days

after  being served with a copy.  Failure to file a timely objection shall constitute a waiver of the

right to de novo review by the district court and to appeal the district court's order.


DATED this 7 May 2015.


Brooke C. Wells
United States Magistrate Judge